The PEOPLE of the State of Colorado,
Plaintiff–Appellant

v.

Joel Roger KOEHN, Defendant–Appellee.

No. 07SA360.

Supreme Court of Colorado,
En Banc.

March 24, 2008.

Robert E. Watson, District Attorney, Thirteenth Judicial District, Paul Wiese, Deputy District Attorney, Fort Morgan, Colorado, Attorneys for Plaintiff–Appellant.

Richard J. Korecki, Denver, Colorado, Attorney for Defendant–Appellee.

Justice COATS delivered the Opinion of the Court.

The People brought an interlocutory appeal pursuant to section 16–12–102(2), C.R.S. (2007), and C.A.R. 4.1, challenging the district court's suppression of evidence seized during the execution of a search warrant at the defendant's home. Because the disputed drugs and drug paraphernalia were discovered in "plain view," that portion of the district court's order suppressing them is reversed, and the case remanded to the district court for further proceedings consistent with this opinion.

## I.

Following his arrest, Joel Koehn was charged, as a special offender, with fifteen counts, including: attempted first degree murder, attempted first degree assault, menacing, possession of an explosive or incendiary device, possession with intent to distribute a schedule II controlled substance, possession of more than one gram of a schedule II controlled substance, identity theft, and possession of a dangerous weapon. He moved to suppress a number of items seized during a search of his residence, including drugs and related items obtained from his kitchen cabinet and from the pockets of a pair of pants lying on his bathroom floor. After hearing the motion, the district court made written findings of facts and conclusions of law, partially granting the motion.

The district court found that Koehn had entered a local bar and fired shots into the ceiling and walls, then left the bar and returned to his mobile home, across the street from the bar. Law enforcement officers ar-

rested Koehn and obtained a search warrant for his residence. Their search yielded twelve firearms, one hand grenade, approximately $4,000 in cash, a digital gram scale, empty bags, 1.8 grams of methamphetamine, a syringe, and false identification cards.

In its written order, the district court found that a search for some, but not all, of the items enumerated in the warrant was supported by probable cause. It specifically found that in executing the warrant, the police were justified in searching for handguns, firearms, and ammunition that may have been used in the crime, and although the places for which a search for these items was permissible included an "ammo" box in the bedroom, they did not include the pants found in the bathroom or the kitchen cabinets. The district court therefore suppressed, among other things, a vial containing a controlled substance found in a pocket of the pants in question and a baggy containing a controlled substance, a scale, and other empty bags found in a kitchen cabinet.

The prosecution immediately filed an interlocutory appeal in this court, challenging the suppression of these specific items.

## II.

■ Although the places that may be searched and items that may be seized pursuant to a search warrant are circumscribed by the precise grant of the warrant itself, it is well established that executing officers are not required to close their eyes to other incriminating evidence plainly visible to them while conducting a valid search. *See People v. Kluhsman,* 980 P.2d 529, 534 (Colo.1999) (acknowledging and describing the limits of the "plain view" exception). And although it was once thought that incriminating items immediately visible to a searching officer could fall within the "plain view" exception to the warrant requirement only if their discovery was inadvertent, rather than by design, *see People v. Reynolds,* 672 P.2d 529, 532 (Colo.1983) (relying on plurality opinion in *Coolidge v. New Hampshire,* 403 U.S. 443, 465, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)), the United States Supreme Court has since made clear the error of that view. *See Horton v. California,* 496 U.S. 128, 137, 110 S.Ct.

2301, 110 L.Ed.2d 112 (1990); *see also Kluhsman,* 980 P.2d at 534 n. 6 ("We now adopt the *Horton* test...."). As long as the incriminating character of an item is immediately apparent and the officer seizing it is lawfully located in a place from which he can both plainly see and lawfully access it, a warrantless seizure does not offend the Fourth Amendment. *Horton,* 496 U.S. at 136–37, 110 S.Ct. 2301.

Despite finding the officers' search of the defendant's residence for firearms and ammunition justified by the warrant in this case, the district court concluded, without further explanation, either that the defendant's kitchen cabinets and pants pockets were not included within the areas that could be permissibly searched for these items or that these areas were actually being searched for a different purpose. In either case, the district court clearly erred. There can be no dispute that a gun or bullet could have been found in the defendant's kitchen cabinets or pants pockets, and the fact, even if supported, that the police may have subjectively hoped to find incriminating items of a different nature in those locations is no longer of consequence to Fourth Amendment suppression. *See id.* at 138–39, 110 S.Ct. 2301.

The vial of a controlled substance found in the defendant's pants pocket and the other drugs and paraphernalia found in his kitchen cabinet also had an incriminating character that was immediately apparent, and therefore the district court erred in failing to find their seizure justified, according to the "plain view" exception to the warrant requirement.

## III.

That portion of the district court's order suppressing the drugs and drug paraphernalia seized from the kitchen cabinet and pants pocket is therefore reversed, and the case is remanded for further proceedings consistent with this opinion.